**Demorris STEPP, Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 77177.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied Oct. 3, 2000.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. and JAMES S. PUDLOWSKI, S.J.

ORDER

PER CURIAM.

Demorris Stepp (Movant) appeals from the judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

Earlier we affirmed Movant's conviction of murder in the first degree, Section

565.020 RSMo 1994,[1] armed criminal action, Section 571.105, and burglary in the first degree, Section 569.160. *State v. Stepp*, 980 S.W.2d 157 (Mo.App. E.D.1998). The trial court sentenced Movant to concurrent terms of life imprisonment for first degree murder, thirty years imprisonment for armed criminal action, and fifteen years imprisonment for first degree burglary. After completion of his direct appeal, Movant filed a motion for post-conviction relief. This appeal follows the denial of that motion.

Movant raises three points on appeal. First, Movant contends the motion court erred in denying his motion to allow juror contact pursuant to Local Rule 53.3. Second, Movant claims the motion court erred in denying his motion for post-conviction relief, alleging ineffective assistance of counsel for failure to act promptly upon information that a juror kissed a photograph of the victim. Third, Movant claims the court erred in denying his motion for post-conviction relief, alleging ineffective assistance of counsel for failing to object and move for a mistrial when the prosecutor misdefined "deliberation" during voir dire.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. No error of law appears. An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).

---

1. All subsequent statutory cites are to RSMo 1994, unless otherwise stated.